No. 2482.

## S. A. MELTON v. THE STATE.

1. BURGLARY — INDICTMENT — EVIDENCE — CHARGE OF THE COURT.— To constitute a nocturnal burglary, under the statutes of this State, the house must have been entered by force, threats or fraud. The indictment in this case charges that the defendant "did by force, in the night time, break and enter the house," etc. *Held,* that, to authorize a conviction, under this indictment, it devolved upon the State to prove beyond a reasonable doubt that the accused entered the house by applying actual "force" to the building. In failing to so charge the jury, and in refusing to give a special instruction in substantial compliance with the rule announced, the trial court erred.

2. SAME—EVIDENCE.—There was not only a total absence of evidence on this trial tending to show an entry by breaking or by force, as alleged in the indictment, but the proof was positive that the entry was made through an open door. *Held* insufficient to support the conviction for burglary.

APPEAL from the District Court of Navarro   Tried below before the Hon. Sam. R. Frost.

The conviction in this case was for the offense of burglary with intent to rape one Allie J. McIntyre, and the penalty assessed against the appellant was a term of five years in the penitentiary.

Commencing on page 204 of the twenty-third volume of the Reports, will be found the report of the case of S. A. Melton v. The State, the conviction in that case being for an assault with intent to rape Allie J. McIntyre, the same party described in the indictment in this case. The transaction involved in that case, and the transaction involved in the case of S. A. Melton v. The State, for an attempt to rape, which immediately precedes this case in this volume, and the transaction involved in this case are all one and the same transaction, and the convictions in each of the cases are predicated upon the same identical testimony of the same witnesses; which is set out fully in the report above referred to.

*Read, Greer & Greer*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. It was charged by the indictment in this case that defendant did "by force in the night time break and enter a house then and there owned and occupied by Johnson McIntyre, without the consent of said Johnson McIntyre, and with the intent then and there, by force, threats and fraud, to have carnal knowledge of one Allie J. McIntyre, then and there being in said house, without her consent," etc. This is a companion case to the one just affirmed against the same party for an attempt to commit rape in the same transaction.

To constitute a nocturnal burglary under our statute, the house must have been entered by force, threats or fraud. (Penal Code, art. 704.) As made by the evidence in this case, there is not a tittle of testimony which, it is claimed, in any manner sustains the allegations of threats and fraud as the means used in accomplishing the entry. If sustained at all, the conviction rests solely upon the allegation of an entry by "force." It is shown by the evidence that the house was open—not a door or window closed—and that defendant, in his stocking feet, entered through the open doors without the consent of any one, and without any force whatsoever being used against the building or any occupant therein, to effect the entry. As to the character of entry,

the case is identical in its allegation and proofs with that of Hamilton v. The State, 11 Texas Court of Appeals, 116, in which it was held that such evidence did not sustain an allegation of entry by "force" under our statute concerning burglary, and that case was reaffirmed in Ross v. The State, 16 Texas Court of Appeals, 554.    In Allen v. The State, 18 Texas Court of Appeals, 120, it was held that to warrant a conviction the evidence must prove beyond a reasonable doubt the entry as alleged.    In Carr's case, 19 Texas Court of Appeals, 659, it is said: "We conclude, if at night, force of any character, whether applied to the building or not, if resorted to to effect an entry, comes within the term 'force' used in article 704 of the Penal Code."

The general charge of the court to the jury did not submit the law applicable to the facts as to the entry as proved.    A requested instruction upon that phase of the evidence was refused, and exceptions were reserved to the charge as given, for insufficiency in that regard and also for refusal of the special instruction.    We are of opinion that both exceptions are well taken. The refused instruction was, in substance, that the charge in the indictment being "by force in the night time," the entry must be proven as alleged beyond a reasonable doubt.    No other entry can sustain a conviction in this case.    "Force" and "break," as used in the indictment, mean violence used by defendant to obtain entrance into the house, and any violence is sufficient. If the language in which this instruction was couched was, in the opinion of the court, calculated to mislead the jury, he could have changed it so as to avoid that effect.    At all events, the instruction was sufficient to call attention to a material and eventually important omission in the given charge, and the same should have been supplied.

We are of opinion that the evidence as to the entry is not sufficient to sustain the charge nor the conviction for burglary.    And this seems to be the opinion of our Assistant Attorney General, as ingeniously expressed in his brief.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*